BETTY LOUISE WILSON v. CARL O. WILSON, JR.

(Filed 22 March, 1967.)

**1. Parent and Child § 5—**

The parent's primary right to the custody of the child may not be denied except for the most cogent reasons; nevertheless, the welfare and best interest of the child are paramount, and when the evidence discloses that the parent is not a fit and suitable person to have custody of the child because of misconduct or other circumstances which substantially affect the child's welfare, the court may properly refuse to award the custody to the parent, and, when the circumstances of the case warrant, the court may temporarily place custody of the child with the Department of Public Welfare with appropriate order for its support and maintenance.

**2. Divorce and Alimony § 23—**

Upon the hearing of this motion for custody of the minor children of the marriage, there was evidence that the wife and her present husband carried on an adulterous relationship for many months prior to their marriage, during which period he spent a good portion of his time at the home, necessarily to the knowledge of her small children, and that the father of the children is emotionally unstable, had no adequate home for the children and no one to supervise them while he worked. *Held:* The evidence warrants order of the court denominating the children dependents and wards of the court and temporarily placing them in the custody of the county welfare department.

**3. Divorce and Alimony § 24—**

A decree awarding custody of the minor children of the marriage is not permanent in its nature and is subject to modification for change of circumstances affecting the welfare of the children.

APPEAL by plaintiff from *Copeland, Special Judge,* November 30, 1966 Civil Session of MECKLENBURG County Superior Court.

The plaintiff and the defendant were married to each other in 1952 and lived together until 1963. During that time four children were born to them, three boys, ages 14, 12 and 9, and a girl, now 6.

The plaintiff obtained a divorce in 1965 upon the grounds of one-year separation. The husband did not contest the action, and the custody of the children was not then presented.

On July 14, 1966, the defendant filed a motion in the divorce cause in which he sought custody of the four children. In it he alleged that the marriage was broken up by his wife's association with one Robert Reed, a colored man, that she had an adulterous relationship with him and has now had a child by him. He avers that he, the defendant, is now employed as a draftsman in Gulfport, Mississippi and is financially able to support his children — that his former wife is not a fit and suitable person to have their custody.

Pursuant to this motion, Judge Copeland conducted a full and complete hearing which lasted two days. Both parties offered evidence, and the Judge called several persons as court witnesses in an effort to get the true picture of the persons involved.

Upon the evidence, the Judge made full findings of fact. In summary he found that the plaintiff had lived in adultery with Reed prior to their marriage in January, 1966 and gave birth to a child about five months thereafter. He also found that the former husband was unstable, had had emotional upsets, had no adequate home for the children, had no one to supervise them when he worked, and that therefore neither party was qualified, fit and suitable to have their custody.

He thereupon denominated the children dependents and wards of the court and temporarily placed them in the custody of the Child Welfare Division of the Mecklenburg County Department of Public Welfare with appropriate orders for their support and maintenance. The plaintiff mother appealed.

*J. LeVonne Chambers, W. B. Nivens, and C. L. Brown by J. LeVonne Chambers for plaintiff appellant.*

*Walter C. Benson for defendant appellee.*

PLESS, J. While it is true that a parent, if a fit and suitable person, is entitled to the custody of his child, it is equally true that where fitness and suitability are absent he loses this right. "Where there are unusual circumstances and the best interest of the child justifies such action, a court may refuse to award custody to either

the mother or father and instead award the custody of the child to grandparents or others. There may be occasions where even 'a parent's love must yield to another if after judicial investigation it is found that the best interest of the child is subserved thereby.' But the parent's right, by nature and law, to the custody of minor children should never be denied except for the most cogent reasons as where it is clearly shown to be unqualified." 3 Lee, N. C. Family Law, Sec. 224; *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Holmes v. Sanders,* 246 N.C. 200, 97 S.E. 2d 683. In the same work it is said that "This right (of custody) cannot be taken from a parent merely because the court may believe that some third person can give the child better care and greater comforts and protection than the parent, a parent's right to custody of a child being forfeitable only by misconduct or by other facts which substantially affect the child's welfare." See also *James v. Pretlow, supra.*

Judge Copeland gave patient and full consideration to the evidence; he observed the parties for two days, saw the type of witnesses offered by both and thus had an opportunity to evaluate the situation that cannot be shown by the printed page.

In these days of discouraging and alarming frequency of divorce, the courts have been compelled to give more frequent application to the rule that the welfare of the child is the primary consideration. The welfare or best interest of the child is always to be treated as the paramount consideration, to which even parental love must yield, and wide discretionary power is necessarily vested in the trial court in reaching decisions in particular cases. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Walker v. Walker,* 224 N.C. 751, 32 S.E. 2d 318.

"The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody." *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871, quoting *Kovacs v. Brewer,* 245 N.C. 630, 97 S.E. 2d 96.

There was ample evidence to support Judge Copeland's findings that the mother and her present husband had an adulterous relationship for many months prior to their marriage during which period he spent a good portion of his time at the home of the plaintiff. This was necessarily in the presence and with the knowledge of her four small children and constituted a degrading situation from which Judge Copeland found that she is not a fit and suitable person to have the care, custody and control of the children.

While the father of the children has not appealed from the order of the lower court, he also is found not to be a fit and suitable person to have their custody.

Under these conditions there was no course left open to the Judge except to place them in the hands of some responsible person or agency. He could not award their custody to either parent, and the record does not show that any relative, or even friend, sought their custody. He had little choice but to make the order he did.

The children are still the wards of the court under the Judge's temporary order. It can, and no doubt will, be changed or modified if and when conditions or suitability have materially changed. *Griffin v. Griffin, supra,* and cases there cited.

"A decree awarding the custody of minor children determines the present rights of the parties to the contest with respect to such custody, is not permanent in its nature, and is subject to judicial alteration or modification upon a change of circumstances affecting the welfare of the children." *Thomas v. Thomas, supra.*

The judgment is hereby

Affirmed.