DAVID N. AND DEBORAH N. v. JASON N. AND CHARLA B.

No. 294A04

(Filed 4 March 2005)

**Child Support, Custody, and Visitation— custody—fitness of parent—waiver of constitutionally protected status as natural parent**

The trial court's finding that defendant biological father is a fit and proper person to care for his minor child did not preclude it from making the conclusion of law that defendant waived his constitutionally protected status as a natural parent based upon his conduct of abandonment and neglect, thus allowing the trial court to grant joint or paramount custody to plaintiff paternal grandparents, because a natural parent may lose his constitutionally protected right to the control of his children by a finding of unfitness of the natural parent or where the natural parent's conduct is inconsistent with his or her constitutionally protected status. However, the trial court failed to apply the clear and convincing evidence standard as set forth in *Adams v. Tessener*, 354 N.C. 57 (2001), and the case is remanded for findings of fact consistent with this standard of evidence.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 164 N.C. App. 687, 596 S.E.2d 266 (2004), reversing and remanding a judgment entered on 10 June 2002 by Judge Peter L. Roda in District Court, Buncombe County. Heard in the Supreme Court 8 December 2004.

*Mary Elizabeth Arrowood for plaintiff-appellants.*

*The Sutton Firm, P.A., by April Burt Sutton, for defendant-appellee Jason N.*

LAKE, Chief Justice.

In this custody case, the question presented for review is whether the trial court's finding that defendant Jason N. is a fit and proper person to care for the minor child, J.L.N., precludes its conclusion of law that defendant waived his constitutionally protected status as a natural parent based upon his conduct of abandonment and neglect.

**DAVID N. v. JASON N.**

[359 N.C. 303 (2005)]

The Court of Appeals' majority reversed the trial court, holding that the trial court's "finding of [defendant's] fitness is inconsistent with the conclusion of law that he not be afforded his constitutional right to parent his child." *David N. v. Jason N.*, 164 N.C. App. 687, 690, 596 S.E.2d 266, 268 (2004). The Court of Appeals remanded the case to the trial court for it to make findings of fact supporting its conclusions of law. *Id.* Judge Wynn dissented, arguing that a finding by the trial court of "fitness" of a natural parent "does not exclude a determination that the parent acted in a manner inconsistent with his constitutionally protected status as a parent." *Id.* at 691, 596 S.E.2d at 269.

Plaintiffs appeal to this Court as of right based on the dissenting opinion of Judge Wynn. After careful review, we reverse the decision of the Court of Appeals and remand the case to the Court of Appeals for further remand to the trial court for findings of fact consistent with the principles and standard of evidence set forth in this opinion.

J.L.N. was born on 2 July 1992. Defendant Jason N. is the biological father of J.L.N. Defendant Charla B., the biological mother of J.L.N., abandoned the child and has never participated in this action. Plaintiff David N. is the paternal grandfather of J.L.N. and plaintiff Deborah N. is the paternal step-grandmother of J.L.N.

When J.L.N. was approximately ten months of age, he began living with plaintiffs. Defendant would infrequently visit with J.L.N. and did not have a parent-child relationship with J.L.N. Plaintiffs enrolled J.L.N. in kindergarten, and he has thrived in school while under plaintiffs' care. Defendant has never been active in J.L.N.'s life, has not attended sporting events in which J.L.N. participated, and has never financially supported J.L.N. Plaintiffs have taken care of all of J.L.N.'s medical and dental care since he was ten months old. Defendant has had no involvement in providing for J.L.N.'s medical needs.

In March 2000, plaintiffs contacted defendant asking for custody of J.L.N. so that plaintiffs could add J.L.N. to their health insurance policy and arrange for a surgical procedure which J.L.N. needed. Defendant refused this request, and plaintiffs filed for custody of J.L.N.

At trial, J.L.N.'s therapist testified that it would be contrary to the best interest of J.L.N. to remove him from plaintiffs' primary care and custody. The trial court found that both plaintiffs and defendant were fit and proper persons to have the care and custody of J.L.N., but that

DAVID N. v. JASON N.

[359 N.C. 303 (2005)]

it would be in the best interest of J.L.N. to continue to reside primarily with plaintiffs and to have visitation with defendant. The trial court concluded as a matter of law that defendant's conduct toward or relationship with J.L.N. was "inconsistent with his preferred status as the biological parent of the minor child in that those acts are tantamount to abandonment, neglect, abuse or other acts inconsistent with [a] natural parent's constitutionally protected interest." The trial court went on to conclude that the "best interest of the child" test prescribed in N.C.G.S. § 50-13.2(a) applied and that "[i]t is in the best interest of the minor child that he be placed in the joint custody and control of both parties, with the primary placement in the plaintiffs subject to the father's visitation."

The Court of Appeals reversed the decision of the trial court, holding that the finding of fitness of defendant precluded the trial court from concluding that defendant had lost his constitutional right to parent his child based on his conduct towards that child. Judge Wynn dissented, contending that "natural parents may forfeit their constitutionally protected status by a finding of either (1) unfitness, *or* (2) acting in a manner that is inconsistent with their constitutionally protected status." *David N.*, 164 N.C. App. at 691-92, 596 S.E.2d at 269.

This Court has recognized the paramount right of parents to the custody, care, and control of their children. *See Petersen v. Rogers*, 337 N.C. 397, 400, 445 S.E.2d 901, 903 (1994). In *Petersen*, this Court held that "absent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of natural parents to custody, care, and control of their children must prevail." *Id.* at 403-04, 445 S.E.2d at 905.

In *Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997), this Court refined the holding in *Petersen*. *Price*, as in the case at bar, involved a custody dispute between a natural parent and a third party who was not a natural parent. *Id.* at 72, 484 S.E.2d at 530. This Court reaffirmed the position that natural parents have a constitutionally protected right in the care, custody, and control of their children, but noted, however, that while a fit and suitable parent is " 'entitled to the custody of his child, it is equally true that where fitness and suitability are absent he loses this right.' " *Id.* at 75, 484 S.E.2d at 532 (quoting *Wilson v. Wilson*, 269 N.C. 676, 677, 153 S.E.2d 349, 351 (1967)).

Where there are unusual circumstances and the best interest of the child justifies such action, a court may refuse to award cus-

tody to either the mother or father and instead award the custody of the child to grandparents or others. There may be occasions where even "a parent's love must yield to another if after judicial investigation it is found that the best interest of the child is subserved thereby."

*Wilson*, 269 N.C. at 677-78, 153 S.E.2d at 351 (quoting 3 Robert E. Lee, *North Carolina Family Law* § 224 (4th ed. 1981)); *see also Holmes v. Sanders*, 246 N.C. 200, 201, 97 S.E.2d 683, 684 (1957).

This Court, in *Price*, further expounded as follows:

A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child is a counterpart of the parental responsibilities the parent has assumed and is based on a presumption that he or she will act in the best interest of the child. Therefore, the parent may no longer enjoy a paramount status if his or her conduct is inconsistent with this presumption or if he or she fails to shoulder the responsibilities that are attendant to rearing a child.

*Price*, 346 N.C. at 79, 484 S.E.2d at 534 (citations omitted).

In *Adams v. Tessener*, this Court reviewed the earlier principles set forth in *Petersen* and *Price* and stated:

*Petersen* and *Price*, when read together, protect a natural parent's paramount constitutional right to custody and control of his or her children. The Due Process Clause ensures that the government cannot unconstitutionally infringe upon a parent's paramount right to custody solely to obtain a better result for the child. As a result, the government may take a child away from his or her natural parent only upon a showing that the parent is unfit to have custody *or* where the parent's conduct is inconsistent with his or her constitutionally protected status.

354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001) (emphasis added) (citations omitted).

Based on the principles set forth in the cases discussed above, we disagree with the Court of Appeals' determination that the trial court's finding of fitness is inconsistent with its conclusion of law that defendant acted in a manner inconsistent with his constitutionally protected status as a parent.

DAVID N. v. JASON N.

[359 N.C. 303 (2005)]

It is clear from the holdings of *Petersen, Price,* and *Adams* that a natural parent may lose his constitutionally protected right to the control of his children in one of two ways: (1) by a finding of unfitness of the natural parent, or (2) where the natural parent's conduct is inconsistent with his or her constitutionally protected status. Therefore, we hold that the trial court's finding of defendant's fitness in the instant case did not preclude it from granting joint or paramount custody to plaintiffs, based upon its finding that defendant's conduct was inconsistent with his constitutionally protected status.

However, a determination that a natural parent has acted in a way inconsistent with his constitutionally protected status must be supported by clear and convincing evidence. As this Court stated in *Adams,* "[T]he decision to remove a child from the custody of a natural parent must not be lightly undertaken. Accordingly, a trial court's determination that a parent's conduct is inconsistent with his or her constitutionally protected status must be supported by clear and convincing evidence." *Adams,* 354 N.C. at 63, 550 S.E.2d at 503 (citing *Santosky v. Kramer,* 455 U.S. 745, 747-48, 71 L. Ed. 2d 599, 603 (1982)). In the case at bar, the trial court concluded defendant was fit to be a father, but that his conduct was inconsistent with his preferred status as a natural parent and was "tantamount to abandonment, neglect, abuse or other acts inconsistent with [a] natural parent's constitutionally protected interest." The trial court, however, failed to apply the clear and convincing evidence standard as set forth in *Adams* in making this determination, and therefore this case must be remanded for findings of fact consistent with this standard of evidence.

The decision of the Court of Appeals is reversed, and this case is remanded to the Court of Appeals for further remand to the trial court for proceedings in accord with this opinion.

REVERSED AND REMANDED.