NICOLE L. BENNETT, FORMERLY NICOLE HAWKS, PLAINTIFF v. WESLEY OTTO HAWKS, DEFENDANT v. CARLENE HAWKS AND DENNIS HAWKS, INTERVENORS

No. COA04-703

(Filed 17 May 2005)

**Child Support, Custody, and Visitation— custody—nonparent—clear and convincing evidentiary standard—constitutionally protected status as natural parent**

The trial court erred in a child custody case by awarding joint legal custody to plaintiff mother, defendant father, and intervenor paternal grandparents, and by placing primary physical custody of the child with the grandparents without applying the clear and convincing evidentiary standard to its decision that plaintiff's conduct was inconsistent with her constitutionally protected status as a natural parent, and the case is remanded for the pertinent findings of fact.

**BENNETT v. HAWKS**

[170 N.C. App. 426 (2005)]

Appeal by plaintiff from judgment entered 17 October 2003 by Judge Spencer G. Key, Jr., in Surry County District Court. Heard in the Court of Appeals 12 January 2005.

*Gus L. Donnelly for the plaintiff.*

*Karen Adams for the defendant.*

*Sarah Stevens for the intervenors.*

TIMMONS-GOODSON, Judge.

Nicole Bennett ("plaintiff") appeals an order of the trial court awarding joint legal custody of her daughter, Brittany Hawks ("Brittany"), to plaintiff, Wesley Hawks ("defendant"), and Carlene and Dennis Hawks ("intervenors"), and placing primary physical custody of Brittany with intervenors. Because the trial court failed to apply the clear and convincing evidentiary standard in making its decision, we reverse and remand the case for findings of fact consistent with this standard of evidence.

The factual and procedural history of this case is as follows: Plaintiff and defendant were married from August 1994 to March 2000. Brittany was born 27 June 1995. At the time of their separation in 1996, plaintiff and defendant placed Brittany in the care of defendant's parents while they dealt with the dissolution of their marriage. The parties agreed that the grandparents would keep Brittany until plaintiff could "get on her feet." The period after the divorce was a transitional time for plaintiff as she changed residences and employment quite often.

On 13 June 2001, plaintiff filed the underlying complaint seeking permanent primary custody of Brittany, and child support from defendant. The grandparents filed a motion to intervene in the custody suit, seeking legal and physical custody of Brittany. They alleged and plaintiff denied, *inter alia*, that plaintiff had not had sufficient contact with Brittany or provided financial support for Brittany since Brittany began living with them. Plaintiff and defendant consented to the grandparents joining the custody action as intervenors. Upon hearing the evidence presented at trial, the trial court issued an order containing several findings of fact and the following pertinent conclusions of law:

2. All parties are fit and proper persons to exercise legal custody of the minor child. The Plaintiff and Defendant have acted

inconsistently with their constitutionally protected status as parents.

3. The best interest of the minor child will be served by residing primarily with the Intervenors.

The trial court therefore ordered joint legal custody of Brittany to all parties, and granted primary physical custody to intervenors with liberal visitation rights for plaintiff. It is from the trial court's order that plaintiff appeals.

_____

The dispositive issue in this case is whether the trial court applied the clear and convincing standard of proof in deciding that plaintiff's conduct was inconsistent with her constitutionally protected status as a natural parent. Because the trial court's order·is unclear about the standard of proof, we reverse and remand the trial court's order.

"[N]atural parents have a constitutionally protected interest in the companionship, custody, care, and control of their children." *Price v. Howard*, 346 N.C. 68, 72, 484 S.E.2d 528, 530 (1997). This "constitutionally protected paramount interest . . . is a counterpart of the parental responsibilities the parent has assumed and is based on a presumption that he or she will act in the best interest of the child." *Price*, 346 N.C. at 79, 484 S.E.2d at 534 (citing *Lehr v. Robertson*, 463 U.S. 248, 77 L. Ed. 2d 614 (1983) *and In re Hughes*, 254 N.C. 434, 119 S.E.2d 189 (1961)). The parent's interest "rises to the level of a liberty interest and is protected by the Due Process Clause of the Fourteenth Amendment." *Penland v. Harris*, 135 N.C. App. 359, 362, 520 S.E.2d 105, 107 (1999) (citing *Price*). However, "the parent may no longer enjoy a paramount status if his or her conduct is inconsistent with this presumption or if he or she fails to shoulder the responsibilities that are attendant to rearing a child." *Price*, 346 N.C. at 79, 484 S.E.2d at 534. Conduct inconsistent with the presumption includes, but is not limited to, unfit behavior, neglect and abandonment. *Price*, 346 N.C. at 79, 484 S.E.2d at 534. ·

In the recent case of *David N. v. Jason N.*, 359 N.C. 303, 608 S.E.2d 751 (2005), our Supreme Court held as follows:

It is clear from the holdings of *Petersen* [*v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994)], *Price*, and *Adams* [*v. Tessener*, 354 N.C. 57, 550 S.E.2d 499 (2001)] that a natural parent may lose his constitutionally protected right to the control of his children in one of two ways: (1) by a finding of unfitness of the natural parent, or

(2) where the natural parent's conduct is inconsistent with his or her constitutionally protected status.

359 N.C. at 307, 608 S.E.2d at 753. Therefore, where the trial court finds that a parent is fit to have custody, it does not preclude the trial court from granting joint or paramount custody to a nonparent where the trial court finds that the parent's conduct was inconsistent with her constitutionally protected status. *Id.*

"[T]he decision to remove a child from the custody of a natural parent must not be lightly undertaken. Accordingly, a trial court's determination that a parent's conduct is inconsistent with his or her constitutionally protected status must be supported by clear and convincing evidence." *Adams*, 354 N.C. at 63, 550 S.E.2d at 503 (citing *Santosky v. Kramer*, 455 U.S. 745, 747-48, 71 L. Ed. 2d 599, 603 (1982)). Our Supreme Court reaffirmed in *David N.* that "a determination that a natural parent has acted in a way inconsistent with his constitutionally protected status must be supported by clear and convincing evidence." 359 N.C. at 307, 608 S.E.2d at 753. Ultimately, the Court reversed the order in *David N.* granting custody to a nonparent, and remanded the case because the trial court "failed to apply the clear and convincing evidence standard as set forth in *Adams*." 359 N.C. at 307, 608 S.E.2d at 754.

The order in the instant case does not indicate which standard of proof the trial court applied in consideration of plaintiff's constitutionally protected status as a natural parent. This is critical because while the general standard of proof in child custody cases is by a preponderance of the evidence, *Speagle v. Seitz*, 354 N.C. 525, 533, 557 S.E.2d 83, 88 (2001), our Supreme Court announced in *Adams* and reiterated in *David N.* that where the natural parent's constitutionally protected status is at issue, the standard of proof is clear and convincing evidence.

In light of *Adams* and *David N.*, we hold that the trial court must apply the clear and convincing standard of proof in determining plaintiff's constitutionally protected status as a natural parent. Absent an indication that the trial court applied the clear and convincing standard in this case, we reverse the order of the trial court and remand this case for findings of fact consistent therewith.

REVERSED and REMANDED.

Judges HUDSON and STEELMAN concur.