JONATHAN SKERRETT OLIVER SKERRETT, et ux SANDRA SKERRETT, Plaintiffs
v.
TERRI L. SKERRETT, Defendant
No. COA08-494
Court of Appeals of North Carolina.
Filed December 16, 2008.
This case not for publication.
Whitmire & Beeker, by Dawn Skerrett and Angela S. Beeker, for plaintiffs.
Malcolm Young, for defendant.
WYNN, Judge.
"[A] parent's desire for and right to `the companionship, care, custody, and management of his or her children' is an important interest that `undeniably warrants deference and, absent a powerful countervailing interest, protection.'"[1] Plaintiffs argue that Defendant-mother's conduct was inconsistent with her constitutionally protected status as a parent, and that the trial court should have used the best interests of the child test to determine custody. Because the trial court's findingsthat Defendant-mother is a fit parent and her conduct was not inconsistent with her constitutionally protected statusare supported by competent evidence, we affirm.
Plaintiff-father, Jonathan Skerrett, is Defendant-mother's estranged husband and the minor child's biological father. Plaintiffs Sandra and Oliver Skerrett are the minor child's paternal grandparents. Defendant-mother, Terri Skerrett, is the minor child's biological mother. The Father and Mother raised the minor child in Transylvania County until December 2006, when they moved to Florida with the minor child because of the Father's driving record and revoked North Carolina driving privileges. The Father was able to obtain a driver's license in Florida.
In Florida, the Father, Mother, and the minor child lodged with the Mother's sister and her family. However, the minor child also spent some time with the Mother's mother and stepfather, who also resided in Florida. Together, the Father and Mother engaged in a lifestyle of drug use and partying. However, the Father's lifestyle became more outrageous than the Mother's so the Mother's sister eventually insisted that the Father was no longer welcome at her house in June 2007. While the Mother and the minor child were invited to stay, the Mother chose to leave with the Father.
A period of financial strain followed for the Father and the Mother, so they decided to send the minor child back to North Carolina temporarily to be enrolled in school during the Fall of 2007 by Plaintiff-grandparents. By October 2007, the Mother had decided to leave the Father, who returned to North Carolina and entered a substance abuse program. The Mother drove from Florida to Transylvania County intending to retrieve the minor child to take her permanently back to Florida.
In response, Plaintiffs filed a complaint for permanent custody and temporary emergency custody of the minor child on 10 October 2007. The trial court found a substantial likelihood that the Mother would take the minor child from North Carolina to Florida, where the minor child might be abused by the Mother's step-father, who allegedly raped the Mother during her late teen years. Therefore, the trial court entered an ex parte order granting temporary emergency custody to Plaintiffs on 11 October 2007. A temporary consent order between the parties, entered on 15 October 2007, incorporated the ex parte order, put conditions on the Mother's communication with the minor child, and set a hearing date.
A hearing on the issues of emergency jurisdiction and subject-matter jurisdiction was held on 16 November 2007. From evidence presented at the hearing, the trial court determined that the Mother made some false and misleading allegations in a competing custody complaint she had filed in Florida. The trial court became concerned that the Mother would remove the minor child to Florida during the pendency of this action, and on its own motion, entered an order on 21 November 2007 modifying the consent order to allow the Mother only supervised visitation at Plaintiffs' discretion. On 26 November 2007, the trial court determined that it had subject-matter jurisdiction and held a full hearing on the custody issues. The court entered an order on 17 December 2007 awarding primary legal and physical custody of the minor child to the Mother. In that order, the trial court made the following relevant findings and conclusions: (1) the Father is an unfit parent because of his drug use and placement in a drug rehabilitation program; (2) the Mother is a fit parent who has not "evidenced sufficiently inconsistent behavior with her constitutionally protected status as a natural, nurturing biological parent of her minor child . . . as to forfeit that status;" and (3) Plaintiff-grandparents are fit persons to exercise custody as they have adequate financial resources and a suitable home.
Plaintiffs appeal from the 17 December 2007 order, arguing that the trial court: (I) erred by concluding that the Mother had not lost her constitutionally protected status as a parent; (II) erred by refusing to apply the best interests of the child test because the evidence showed that the Mother lost her constitutionally protected status; (III) denied Plaintiffs their right to a fair and impartial decision-maker; (IV) evaluated the evidence under the wrong standard of proof; and (V) erred because clear, convincing and cogent evidence does not support the findings of fact, which in turn do not support the conclusions of law.

I.
Plaintiffs first argue that the evidence does not support the trial court's conclusion that the Mother did not act inconsistently with her constitutionally protected status.
"[T]he decision to remove a child from the custody of a natural parent must not be lightly undertaken."David N. v. Jason N., 359 N.C. 303, 307, 608 S.E.2d 751, 753-54 (2005) (citations omitted). Accordingly, where a parent's constitutionally protected status is at issue, the parent's unfitness or inconsistent conduct must be shown by clear, cogent and convincing evidence. Id. Conduct inconsistent with the presumption includes, but is not limited to, unfit behavior, neglect and abandonment. Price v. Howard, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997). In custody proceedings, "the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." Owenby v. Young, 357 N.C. 142, 147, 579 S.E.2d 264, 268 (2003) (citations omitted).
Here, the trial court's findings of fact support the conclusions that the Mother is not unfit and did not conduct herself inconsistently with her constitutionally protected status. The trial court found that the Mother's drug use and lifestyle of partying were merely incidental to the Father's behavior, and that the Mother did not involve herself in those activities outside the Father's presence. The court also found that the Mother had obtained suitable housing, employment and transportation after leaving the Father, and immediately sought to regain custody of the minor child. These findings of fact support the conclusions that the Mother is not an unfit parent, and that she did not neglect or abandon the minor child.
Likewise, the evidence in the record is sufficient to support the trial court's findings of fact. The Mother testified that she never used drugs when she was not with the Father. The Mother's testimony was corroborated by an addiction counselor's conclusion that the Mother "meets no criteria for Abuse or Dependence for any Substance, to include alcohol." The Mother also passed a spontaneous drug test requested by the trial court. Furthermore, Plaintiff Sandra Skerrett testified that she never suspected the Mother's drug use and other witnesses testified that the Mother was a good mother to the minor child. Accordingly, the trial court's findings of fact are supported by sufficient evidence.

II.
In their second assignment of error, Plaintiffs argue that the trial court erred by refusing to apply the best interests of the child test.
Because "natural parents have a constitutionally protected interest in the companionship, custody, care, and control of their children," the best interests of the child test is not ordinarily used to determine custody between a natural parent and a non-parent. Price, 346 N.C. at 72, 484 S.E.2d at 530. However, "the parent may no longer enjoy a paramount status if his or her conduct is inconsistent with this presumption or if he or she fails to shoulder the responsibilities that are attendant to rearing a child." Id., 346 N.C. at 79, 484 S.E.2d at 534. Accordingly, a natural parent's interest in custody is paramount to a non-parent's interest in custody unless it is shown by clear, cogent and convincing evidence that the natural parent is unfit or acted inconsistently with his or her constitutionally protected status. Id.
In this case, we note initially the trial court's conclusion that the Father is an unfit person to exercise custody of the minor child. Plaintiffs have not challenged that conclusion in this appeal. Therefore, Plaintiffs essentially argue that the trial court should have used the best interests of the child test to determine custody between the Mother and Plaintiff-grandparents. We disagree.
As explained above, the Mother's interest in custody of the minor child is constitutionally paramount to the grandparents' interest in custody, unless clear, cogent and convincing evidence shows that the Mother is unfit or conducted herself inconsistently with her constitutionally protected status. However, the trial court concluded that the Mother is a fit person and that she had not acted inconsistently with her protected status. Those conclusions are supported by the trial court's findings of fact, which in turn are supported by competent evidence. Accordingly, this assignment of error is overruled.

III.
Plaintiffs assert, in their third assignment of error, that they were denied their constitutional right to a fair and impartial decision-maker because the trial court was biased in favor of the Mother. However, Plaintiffs failed to preserve this assignment of error for review as they failed to make a motion for disqualification or for a new trial on the basis of improper bias. State v. Chapman, 359 N.C. 328, 366, 611 S.E.2d 794, 822 (2005); N.C. R. App. P. 10(b)(1) (2007) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make[.]"). This assignment of error has not been preserved for this Court's review.

IV.
In their fourth assignment of error, Plaintiffs argue that the trial court evaluated the evidence using the wrong standard of proof.
In support of their contention, Plaintiffs point to a single statement the trial judge made at the beginning of the 26 November 2007 hearing:
[T]here is a presumption in the law and in this Court's mind, that biological parents have the primary and, in fact, sole constitutional right to rear their children; and that to look behind that right and then determine what's in the  in this case, the child's best interest, the Court has to be convinced by a substantial weight of evidence that that right has been given up by omissions of parenting or commissions during the parenting.
(emphasis added). However, the correct standard of proof for a determination that a natural parent has acted inconsistently with his or her constitutionally protected status is clear, cogent and convincing evidence. See Bennett v. Hawks, 170 N.C. App. 426, 429, 613 S.E.2d 40, 42 (2005).
Nonetheless, even assuming arguendo that the trial court evaluated the evidence by some standard less than clear, cogent and convincing evidence, Plaintiffs' argument must fail. Prior cases have made clear that the higher clear, cogent and convincing standard must be used "where the natural parent's constitutionally protected status is at issue . . . ." Id. Where the presumption of a natural parent's right to care for and rear his or her child is being challenged, the higher clear, cogent and convincing standard operates as a procedural safeguard to protect the natural parent's interest in custody. Id. When a trial court determines that the parent has not lost the benefit of the presumption, the parent's interest in custody is undisturbed and there is no need for additional procedural safeguards. See Adams v. Tessener, 354 N.C. 57, 63, 550 S.E.2d 499, 503 (2001). Therefore, the trial court in this case did not err even if it found that the Mother is fit, and that she did not act inconsistently with her constitutionally protected status, by a standard less than clear, cogent and convincing evidence. Accordingly, this assignment of error is overruled.
Affirmed.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] Price v. Howard, 346 N.C. 68, 74, 484 S.E.2d 528, 531 (1997) (quoting Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 27, 68 L. Ed. 2d 640, 649 (1981)).