JAMES M. EVERETTE, JR. AND GLORIA EVERETTE, PLAINTIFFS v.
PATRICE A. COLLINS, DEFENDANT

No. COA04-1625

(Filed 21 February 2006)

## 1. Child Support, Custody, and Visitation— custody—best interest of child—primary physical custody with father

The trial court did not abuse its discretion in a child custody case by finding and concluding that it was in the minor child's best interest to award primary physical custody to plaintiff father, because: (1) defendant mother had serious medical complications and admitted that she is still blind, cannot drive, and cannot cook (except on good days); (2) at the 2004 court appearances, defendant could not read and was unable to walk without assistance; (3) defendant is currently unable to take care of her own needs as well as those of a five-year-old child; (4) defendant's health is uncertain as she attempts to recover from the effects of her stem cell transplant; (5) defendant's future plans as to providing care for herself or the minor child are unknown; and (6) plaintiff and his mother are presently providing a stable and healthy environment for the minor child.

## 2. Child Support, Custody, and Visitation— custody—physical placement with paternal grandmother

The trial court did not violate defendant mother's constitutional rights in a child custody case by granting physical placement with the minor child's paternal grandmother, because: (1) the custody action was between both natural parents and the trial court was careful to point out that no evidence was presented nor findings made as to the constitutional presumption both parents enjoyed; (2) using a best interest analysis, the trial court granted primary physical custody to plaintiff and specifically approved the current placement of the minor child in the home of plaintiff's mother; (3) plaintiff's mother was not granted any custodial rights; and (4) defendant, in addition to obtaining joint legal custody, was granted liberal visitation privileges as well as additional visitations as agreed upon by the parties.

Appeal by defendant from an order signed 2 July 2004 by Judge Thomas R. J. Newbern in Northampton County District Court. Heard in the Court of Appeals 15 June 2005.

*Mitchell S. McLean for plaintiff-appellees.*

*Pritchett & Burch, PLLC, by Melissa L. Skinner, Lars P. Simonsen and Lloyd C. Smith, Jr., for defendant-appellant.*

BRYANT, Judge.

Patrice A. Collins (defendant-mother) appeals from an order signed 2 July 2004 awarding James M. Everette, Jr. (plaintiff-father) primary physical custody of their minor child, D.J.E.[1] Plaintiff-father and defendant-mother were granted joint legal custody of D.J.E. The trial court order also "specifically approve[d] the current placement of [D.J.E.] in the home of the plaintiff's mother, Gloria Everette" (plaintiff-grandmother).

Plaintiff-father and defendant were married on 9 February 1998. The couple was separated in May 1998 and D.J.E. was born on 14 October 1998. In December 1998, defendant and D.J.E. left North Carolina for defendant to complete her military duty assignment without plaintiff-father. During that time, defendant and D.J.E. visited with plaintiffs every other weekend.

From June 1999 until 2001, defendant's mother and defendant's two children (D.J.E. and another child) lived with defendant in Fort Hood, Texas. For three months in 2000 and six months in 2001, D.J.E. stayed with plaintiff-grandmother in North Carolina. In September 2001, defendant, D.J.E. and her other child moved to New Mexico due to military reassignment.

In March 2002, defendant began having seizures and began to experience grand mal seizures in June 2002. During this time, plaintiff-father was stationed at Fort Carson, Colorado. Defendant allowed D.J.E. to stay with plaintiff-grandmother in Conway (Northampton County), North Carolina until defendant could control her seizures.

On 16 January 2003, defendant suffered an allergic reaction to her anti-seizure medication and went into a coma from which she awoke in March 2003. The allergic reaction caused severe burns over defendant's body and the stem cells in her eyes burned, which caused her blindness. Defendant began rehabilitation and resided in Maryland from May to July 2003 to receive further treatment for her condition. In late May 2003, defendant told plaintiffs she was coming to North Carolina to see D.J.E. When defendant arrived at plaintiff-grand-

---

1. Initials used throughout to protect the identity of the juvenile.

mother's home in Conway, she was informed plaintiff-father had taken D.J.E. to his home in Fayetteville. Defendant traveled to Fayetteville, but was not allowed to see D.J.E.

Shortly thereafter, plaintiffs filed a complaint for custody of D.J.E. and a Temporary Custody Order was entered granting plaintiffs temporary legal custody and placing D.J.E. with plaintiffs. In July 2003, defendant moved to Louisiana to reside with her mother and her other child. While there, she underwent several eye operations, including a stem cell transplant, from August 2003 through January 2004.

On 26 July 2004, a Custody Order was entered by Judge Thomas R. J. Newbern. Pursuant to the terms of the order, plaintiff-father and defendant were granted joint legal custody of D.J.E. Plaintiff was granted primary physical custody of D.J.E. and the trial court approved physical placement with plaintiff-grandmother. Defendant was granted reasonable visitation privileges which included every other weekend, one-half of the holiday periods, and two separate two-week periods during the summer. From this order, defendant appeals.

---

Defendant raises two issues on appeal: (I) whether the trial court erred in finding and concluding that it was in D.J.E.'s best interest to award primary physical custody to plaintiff; and (II) whether the trial court violated defendants constitutional rights by granting physical placement with plaintiff-grandmother.[2]

I

[1] Defendant argues the trial court's findings were not supported by competent evidence and that the trial court erred in concluding D.J.E.'s best interests were served by awarding joint legal custody to D.J.E.'s mother and plaintiff-father and physical custody to plaintiff-father. We disagree.

The findings of fact are conclusive on appeal if there is evidence to support them, even if evidence might sustain findings to the contrary. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). The evidence upon which the trial court relies must be substantial evidence and be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Pulliam*

---

2. Plaintiff-grandmother was dismissed as a party to this action by the trial court pursuant to defendant's motion to dismiss.

*v. Smith*, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998). Absent an abuse of discretion, the trial court's decision in matters of child custody should not be upset on appeal. *In re Mason*, 13 N.C. App. 334, 185 S.E.2d 433 (1971). The trial court's conclusions of law and orders will not be reversed if supported by the findings of fact. *Witherow v. Witherow*, 99 N.C. App. 61, 63, 392 S.E.2d 627, 629 (1990). Based on competent evidence, the trial court found and defendant now challenges the following facts:

7. That [D.J.E.] has resided in the custody of the plaintiffs since the institution of this action.

. . .

10. That defendant has suffered serious medical complications which have left her basically blind at this point and unable to care for the needs of [D.J.E.], who is five years old; the defendant was unable to walk in the courtroom without assistance.

11. That the defendant's living situation is uncertain at this time due to her medical condition.

12. That at this time the plaintiff, James M. Everette, Jr. can offer more stability for the child and has acted in the child's best interests; the minor child has resided with the plaintiff's mother, Gloria Everette, since May, 2002; during this time the child has resided in a safe, stable and wholesome environment, which has been conducive to the best interests of the child; the child is flourishing in this environment and is doing very well in all respects.

13. That the plaintiff, James M. Everette, Jr. has acted in the child's best interests and has visited the child every weekend since his return home from active military duty in Iraq; said plaintiff has placed his child in a stable environment which has been in the best interests and general welfare of his child, considering his continuing military service in Fayetteville, North Carolina.

. . .

15. That the defendant is currently receiving medical treatment to assist her in her eyesight; however, she is still basically blind and unable to care for the needs of a five-year-old child.

. . .

18. That the defendant had a lack of communication with Gloria Everette and the minor child between May, 2002 and the filing of this lawsuit; this was largely due to the defendant's medical condition; however, even considering her medial [sic] condition and other reasonable considerations, the defendant did not communicate with Gloria Everette or [D.J.E.] as much as she should have during that period; after the filing of the lawsuit the defendant did begin communicating more frequently and appropriately with Gloria Everette and [D.J.E.]

19. That since May, 2002 the defendant was unable to visit with [D.J.E.] except on occasions when the defendant was already in the area in connection with this lawsuit.

In addition to these challenged findings, the trial court made a finding of fact allowing defendant's motion to dismiss plaintiff-grandmother from this action, "as there has been no compelling evidence presented that would result in the defendant losing her constitutional presumptions as a parent." The trial court concluded that "plaintiff, James M. Everette, Jr., is a fit and proper person to have physical custody of [D.J.E.] and it would be in the best interests of the child to be in his physical custody." Further the trial court concluded that defendant is a "fit and proper person to have reasonable visitation privileges with the minor and it would be in the best interests of the child to have reasonable visitation with the defendant." *See In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 251 (1984) ("[T]he best interest of the child is the polar star."); *Wilson v. Wilson*, 269 N.C. 676, 678, 153 S.E.2d 349, 351 (1967) ("The welfare of the child . . . is always to be treated as the paramount consideration[.]").

In the instant case, defendant admits she is still blind, cannot drive and cannot cook, except on "good days." At the 2004 court appearances, defendant could not read and was unable to walk without assistance. Defendant is currently unable to take care of her own needs as well as those of a five-year-old. Defendant's health is uncertain as she attempts to recover from the effects of her stem cell transplant. Consequently, defendant's future plans as to providing care for herself or D.J.E. are unknown. Plaintiff and his mother are presently providing a stable and healthy environment for D.J.E. On this record there is competent evidence to support the trial court's decision to grant plaintiff-father primary physical custody. This assignment of error is overruled.

II

**[2]** Defendant argues the trial court violated her constitutional rights by approving of D.J.E.'s physical placement with the paternal grandmother. Defendant claims this is a "backdoor" way to grant the paternal grandmother custody of D.J.E. We disagree.

The general standard of proof in a child custody case is by the greater weight of the evidence. *Speagle v. Seitz*, 354 N.C. 525, 533, 557 S.E.2d 83, 88 (2001). In a custody proceeding "an order for custody of a minor child entered . . . shall award the custody of such child to such person, agency, organization or institution as will best promote the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2(a) (2005). In a custody dispute between two natural parents the "best interest of the child" test must be applied. *Price v. Howard*, 346 N.C. 68, 72, 484 S.E.2d 528, 530 (1997). "Where there are unusual circumstances and the best interest of the child justifies such action, a court may refuse to award custody to [a parent.]" *Wilson* at 677, 153 S.E.2d at 351.

Here, the trial court indicated it used the "greater weight of the evidence" standard in reviewing the custodial rights of plaintiff and defendant. We are mindful of our recent and not so recent cases discussing the constitutionally protected status afforded parents in custody suits between **parents** and **nonparents** (*"Peterson* presumption") in which the trial court must use the clear and convincing standard of proof and not the greater weight of the evidence standard. *See, e.g., Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994)[3]; *David N. v. Jason N.*, 359 N.C. 303, 608 S.E.2d 751 (2005); *Adams v. Tessener*, 354 N.C. 57, 550 S.E.2d 499 (2001); *Bennett v. Hawks*, 170 N.C. App. 426, 613 S.E.2d 40 (2005); *Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997); and *Wilson* at 678, 153 S.E.2d at 351. However, we distinguish those cases here.

This custody action was between **both natural parents** and, as the trial court was careful to point out, no evidence was presented

---

3. In *Petersen,* the North Carolina Supreme Court found that in custody disputes between **parents** and **third parties**, parents have a constitutionally-protected paramount right to the custody, care, and control of their children. *Peterson v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994). The Supreme Court based this principle on the presumption that a fit parent will act in the best interest of their child. *Brewer v. Brewer*, 139 N.C. App. 222, 229, 533 S.E.2d 541, 547 (2000). When the *Petersen* presumption is not implicated, the court must use the best interest of the child standard to determine the proper placement of the child. *See Jones v. Patience*, 121 N.C. App. 434, 440, 466 S.E.2d 720, 724 (1996).

nor findings made as to the constitutional presumption both parents enjoyed. The only finding in this regard was that "defendant has not committed any actions to cause her to lose her constitutional presumption for custody and her actions have not been neglectful toward the child." Instead, the trial court, using a best interest analysis, granted legal custody to plaintiff and defendant, granted primary physical custody to plaintiff and "specifically approve[d] the current placement of [D.J.E.] in the home of plaintiff's mother." Plaintiff's mother was not granted any custodial rights. Defendant, in addition to obtaining joint legal custody, was granted liberal visitation privileges: every other weekend, half the holidays and two separate two-week periods in the summer, as well as additional visitations with D.J.E. as agreed upon by the parties. Where, as here, the trial court granted joint legal custody to plaintiff-father and defendant, the natural parents, and primary physical custody to plaintiff-father, defendant has not been deprived of her constitutionally protected right to custody of D.J.E. This assignment of error is overruled.

Affirmed.

Judges McCULLOUGH and TYSON concur.