715 S.E.2d 623 (2011)
In the Matter of D.L., Jr., D.M., A.D., A.D.
No. COA11-256.
Court of Appeals of North Carolina.
September 20, 2011.
Matthew J. Putnam, Asheville, for petitioner-appellee Buncombe County Department of Social Services
Michael N. Tousey, Asheville, for appellant guardian ad litem.
Duncan B. McCormick, Lillington, for respondent-appellee mother.
STEELMAN, Judge.
The trial court did not abuse its discretion in continuing the placement of the children with relatives while leaving custody with Mother.

I. Factual and Procedural Background
On 20 July 2010, the Buncombe County Department of Social Services ("DSS") filed juvenile petitions alleging the minor children to be neglected pursuant to N.C. Gen.Stat. *624 § 7B-101(15) (2009) for not receiving proper care, supervision, or discipline; for not receiving necessary medical care; and for living in an environment injurious to their welfare. DSS did not seek a non-secure custody order as the children were residing in safe homes with their maternal aunts when the petitions were filed. The mother of the children ("Mother") appeared and participated in the hearings, with her attorney. The three fathers of the children were served in the proceedings, but failed to file any response to the petitions or appear at the hearings.
The matter was heard on 3 November 2010. The parties stipulated to the facts in the juvenile petition, and the court entered consent orders adjudicating all four children neglected. The guardian ad litem requested that the trial court grant custody of the minor children to the relative caretakers so they would have the authority to obtain medical care for the children. DSS opposed the request and argued that custody did not need to be changed to a relative, and could remain with Mother. The trial court denied the guardian ad litem's request and declined to change custody of the children to either DSS or the relative caretakers, but rather "sanction[ed]" the continued placement of the children in their relative kinship placements. The court also ordered Mother to complete a power of attorney to allow the relatives to seek medical, dental, and educational services for the children. The record reflects that Mother signed a power of attorney with regard to medical and dental care. The trial court's orders were entered on 14 December 2010. The guardian ad litem timely appealed each order.

II. Placement of Children with Relative while Mother Retained Custody
The guardian ad litem contends that the trial court erred by keeping custody with Mother while placing the juveniles in a kinship placement because such a disposition is not authorized by the Juvenile Code. We disagree.
The Juvenile Code lists dispositional alternatives for abused, neglected, or dependent children, one of which is to "[p]lace the juvenile in the custody of a parent . . . ." N.C. Gen.Stat. § 7B-903(a)(2)(b) (2009). The trial court "may combine any of the applicable alternatives when the court finds the disposition to be in the best interests of the juvenile." N.C. Gen.Stat. § 7B-903(a). A court's decision on best interests is reviewed for abuse of discretion. In re D.S.A., 181 N.C.App. 715, 720, 641 S.E.2d 18, 22 (2007). A court's discretionary ruling will not be overturned absent a showing that the ruling is "manifestly unsupported by reason." Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).
Where the guardian ad litem does not challenge any findings of fact, our review focuses solely on whether the trial court's disposition is authorized by law. We note that custody of the minor children was not removed from Mother at any time during the pendency of this case. The trial court specifically declined to change custody to either DSS or the relative caretakers, thereby leaving custody with Mother. Section 7B-903 clearly authorizes a trial court to place custody of minor children with a parent. Since the trial court left custody of the children with a parent in this case, that part of the disposition does not contravene the Juvenile Code.
The guardian ad litem argues, however, that the court could not grant custody to Mother while also placing the children with a relative, which she contends is not allowed by section 7B-903. She relies on In re H.S.F., 177 N.C.App. 193, 628 S.E.2d 416 (2006) for support. In In re H.S.F., this Court overturned a disposition whereby the trial court granted joint legal custody of the juvenile to the mother and father, primary physical custody to the mother, and primary placement with the maternal grandfather, with whom the mother did not reside. Id. at 202, 628 S.E.2d at 422. This Court cited section 7B-903 and stated, "[n]othing in that statute permits a court to grant physical custody to a parent, but order `physical placement' to be with another person. Except when custody has been granted to DSS, the statute anticipates that any person with whom the child is `placed' shall be given custody." Id. This Court noted an inherent inconsistency in ordering physical custody with a person with whom the juvenile did not reside. Id.
*625 We hold that In re H.S.F. is distinguishable from the instant case. First, custody was never removed from Mother, while in In re H.S.F., DSS took non-secure custody of the minor child, and at the adjudication and disposition proceedings the trial court changed custody and ordered a new arrangement. Second, the trial court did not order placement of the minor child with a relative in the instant case as did the trial court in In re H.S.F. Mother in this case placed the children in relatives' homes under her own authority as legal custodian of the children, although her decision was ultimately endorsed by both DSS and the trial court. Third, the trial court's disposition does not involve the obvious contradiction which occurred in In re H.S.F. when the trial court ordered physical custody with one person and physical placement with another. In the instant case, the court continued custody with Mother, which encompasses both legal and physical custody. The court recognized Mother's legal status when it asked her to provide a medical power of attorney in order to meet the medical needs of the children. While the children were physically placed with someone other than Mother, it was Mother's choice as custodial parent of the children to determine a suitable placement for them.
We find the instant case to be similar to that of Everette v. Collins, 176 N.C.App. 168, 625 S.E.2d 796 (2006), a Chapter 50 custody case which was cited and distinguished by this Court in In re H.S.F. In Everette, the trial court approved a custodial father's decision to place the minor child with a grandparent, even though the mother had joint legal custody and the father had primary physical custody. Id. at 174, 625 S.E.2d at 800. In the instant case, the trial court merely approved of Mother's decision after determining it was appropriate for her to continue to have custody of the children.
Based on the foregoing, we are unable to say the trial court abused its discretion in fashioning a disposition which is authorized by statute and which appropriately addressed the concerns of the guardian ad litem regarding access to medical care for the minor children.
We affirm the orders of the trial court.
AFFIRMED.
Chief Judge MARTIN and Judge McCULLOUGH concur.