An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-661
NORTH CAROLINA COURT OF APPEALS

Filed: 7 April 2015


DANIEL VAN ANTWERP,
      Plaintiff

      v.                                Pitt County
                                        No. 12 CVD 596
EMILY BILOBRAN,
      Defendant


Appeal by plaintiff from order entered 4 September 2013 by Judge Joseph A. Blick, Jr. in Pitt County District Court. Heard in the Court of Appeals 4 November 2014.

*W. Gregory Duke, for plaintiff-appellant.*

*Teresa DeLoatch Bryant, for defendant-appellee.*

CALABRIA, Judge.

Plaintiff Daniel Van Antwerp ("plaintiff") appeals from an amended order entered 4 September 2013 that supersedes and replaces the order entered on 12 August 2013 granting Emily Bilobran ("defendant") (collectively with plaintiff, "the parties") primary physical custody of the parties' minor child. Although defendant resides in North Carolina and plaintiff resides in Maryland, the

parties share joint legal custody.  Plaintiff was awarded secondary physical custody and visitation.  We affirm.

## I. Background

The parties have known each other since they were teenagers. After the parties discovered defendant was pregnant with the minor child ("Jason")[1], they planned to get married, but never did.  The parties are the biological parents of Jason, born in April 2009. Plaintiff was present for Jason's birth, and although the parties previously separated, they resided together until October 2011, when they finally separated.  Arguments between the parties resulted in physical altercations, cross-warrants, and a domestic violence protective order ("DVPO")[2].  The DVPO and both cross-warrants were eventually dismissed.

On 5 March 2012, plaintiff filed a complaint and later an amendment to his complaint in Pitt County District Court, requesting that the court grant the parties joint legal and physical custody of Jason.  After defendant filed an answer and counterclaim on 11 October 2012, the trial court entered an order granting the parties temporary joint legal custody, with defendant having primary physical custody and plaintiff having secondary

---

[1] A pseudonym used to protect the identity of the juvenile and for ease of reading.
[2] Neither the DVPO nor the cross-warrants are included in the record on appeal.

physical custody, and delineated the terms of visitation.

After a hearing, the trial court entered an order on 13 August 2013 regarding permanent child custody that was amended on 4 September 2013. The amended order superseded and replaced the 13 August 2013 order. The trial court made several findings regarding the parties' contentious relationship as well as their differing parenting techniques and lack of co-parenting. The trial court also found that both parties had medical issues and past legal issues: plaintiff had felony weapons violations while he was a student at Calvin College in Michigan, while defendant was previously charged with possession of marijuana and shoplifting. The trial court concluded that both parties were fit and proper persons to have the general care, custody, and control of Jason, and that Jason's best interests would be served if the parties were granted joint legal custody. The trial court granted the parties permanent joint legal custody of Jason, with defendant having primary physical custody and plaintiff exercising secondary physical custody. The trial court also ordered a detailed visitation schedule, since defendant resides in Greenville, North Carolina, and plaintiff resides in Severna Park, Maryland. Plaintiff appeals.

On appeal, plaintiff argues that several of the trial court's findings of fact are unsupported by competent evidence, and that

the trial court abused its discretion in granting defendant primary physical custody. We disagree.

## II. Standard of Review

"In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Carpenter v. Carpenter*, ___ N.C. App. ___, ___, 737 S.E.2d 783, 785 (2013) (citation omitted). "Whether those findings of fact support the trial court's conclusions of law is reviewable *de novo*." *Id*. "Absent an abuse of discretion, the trial court's decision in matters of child custody should not be upset on appeal." *Everette v. Collins*, 176 N.C. App. 168, 171, 625 S.E.2d 796, 798 (2006).

## III. Challenged Findings of Fact

As an initial matter, the trial court's recording equipment malfunctioned at the hearing during defendant's testimony. Both parties submitted their proposed narration of the evidence that was lost. The trial court reviewed the narrations and settled the record in accordance with its own narration pursuant to Rule 11. *See* N.C.R. App. P. 11(c) ("The functions of the judge in the settlement of the record on appeal are to . . . settle narrations of proceedings[.]"). Plaintiff argues that the trial court's

narration of defendant's testimony contains many inaccuracies. Specifically, plaintiff contends that the trial court "accepted much of what Defendant testified to notwithstanding her multiple misrepresentations of fact[.]" However, plaintiff's argument apparently challenges the truthfulness of defendant's testimony rather than the accuracy of the trial court's narration. Additionally, plaintiff provides no authority to this Court to support his argument. Therefore, any argument plaintiff presents regarding the narration of defendant's testimony is deemed abandoned. *See* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

Plaintiff argues that the trial court made several findings of fact that are unsupported by competent evidence in the record. Plaintiff first contends that the trial court erred in finding of fact number 8, finding that he quit high school halfway through his junior year and completed his high school education through the University of Nebraska Independent High School Studies program. However, plaintiff testified on cross-examination that he was enrolled in a high school in Maryland until halfway through his junior year, when he left that school to participate in several "mission trips," including one in which he served on medical health teams in Lima, Peru. The trial court also found that plaintiff

completed his high school education through the University of Nebraska Independent High School Studies program, which is undisputed. Therefore, this finding is supported by competent evidence.

Another finding that plaintiff contends is unsupported by the evidence is finding of fact 15B, that "Plaintiff's exact whereabouts [were] kept hidden from the Defendant for approximately a month" when he travelled to California is unsupported by the evidence. Defendant testified at the hearing that plaintiff called her during a layover while travelling to California. However, plaintiff concedes that friend Hilary Rose Keil testified at the hearing that defendant made several unsuccessful attempts to contact plaintiff after he left, and did not know plaintiff was in California until one month later. Therefore, this finding is supported by the evidence.

Plaintiff also challenges finding of fact number 15K, which states that his "patent and utter disregard for what appears to be well-grounded fears and concerns of the Defendant border on irresponsibility inconsistent with co-parenting" and that plaintiff left live rounds of ammunition within Jason's reach. Defendant testified to her concerns regarding plaintiff's use and carrying of loaded firearms around Jason. Specifically, defendant testified that she was concerned when plaintiff carried Jason

directly above the holstered firearm on plaintiff's hip, and that there had been instances when she witnessed Jason playing with partially disassembled firearms. According to defendant, when she addressed her concerns with plaintiff, plaintiff responded that his child had a right to play with guns. Plaintiff also concedes that defendant presented evidence that she returned home on one occasion to find Jason chewing on a bullet. The trial court recognized plaintiff's "right to bear arms as guaranteed by both the Constitutions of the United States and the State of North Carolina," but ultimately found that plaintiff's disregard for defendant's concerns and lack of compromise was inconsistent with co-parenting. While this particular finding focuses on the point of contention between the parties regarding plaintiff's firearms, other uncontested findings also indicate that the parties face serious issues with co-parenting, including findings that plaintiff was not supportive when defendant was breastfeeding Jason, and that the parties disagreed regarding Jason's care and maintenance and proper disciplinary techniques. Therefore, this finding is supported by competent evidence.

Plaintiff finally contends that the trial court's finding of fact number 16 regarding the lack of communication between the parties is not only unsupported by the evidence, but erroneous because communication was prohibited while there was a DVPO in

place. Plaintiff testified at the hearing that he did not respond to defendant's numerous telephone calls and messages while the DVPO was in effect. However, plaintiff fails to consider that the trial court heard evidence regarding the parties' communication both before and after the October 2011 incident that resulted in the DVPO, including defendant's testimony that she had great difficulty communicating with plaintiff regarding Jason's medical expenses. Plaintiff also concedes that he failed to return defendant's attempts to contact him on at least two separate occasions when he was either working or travelling outside the United States. Therefore, this finding is also supported by the evidence.

Although plaintiff contends otherwise, the extensive testimony presented by both parties at the hearing provides substantial evidence supporting the trial court's findings. Plaintiff does not contest any other findings of fact; therefore the remaining findings are conclusive on appeal. *Carpenter*, ___ N.C. App. at ___, 737 S.E.2d at 785 (citation omitted).

## IV. Abuse of Discretion

Plaintiff also argues that the trial court abused its discretion in granting plaintiff primary physical custody. We disagree.

In child custody actions, the trial court "shall award the custody of such child to such person . . . as will best promote the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2 (a) (2013). "When the trial court finds that both parties are fit and proper to have custody, but determines that it is in the best interest of the child for one parent to have primary physical custody . . . such determination will be upheld if it is supported by competent evidence." *Hall v. Hall*, 188 N.C. App. 527, 530, 655 S.E.2d 901, 904 (2008).

In the instant case, Jason has lived in North Carolina with defendant for his entire life. After making extensive findings based upon the evidence presented at the hearing, many of which are undisputed on appeal, the trial court concluded that "[b]oth parties are fit and proper persons to have the general care, custody and control of the minor child." The trial court further concluded that Jason's best interests "will be served if the parties are granted joint legal custody of the minor child, with the Defendant exercising[] primary physical custody and the Plaintiff exercising secondary custody and visitation[.]"

Plaintiff's argument appears to be a "request that we reweigh the evidence and reach a different conclusion on the facts than that deemed appropriate by the trial court." *Dixon v. Gordon*, ___ N.C. App. ___, ___, 734 S.E.2d 299, 304 (2012) (citation omitted).

"Accordingly, we are simply not permitted to act in accordance with [plaintiff's] request under the applicable standard of review." *Id*. (citation and quotation marks omitted). Therefore, we hold that the trial court did not abuse its discretion in awarding the parties joint legal custody and granting defendant primary physical custody of Jason.

## V. Conclusion

The trial court's findings were supported by competent evidence. We decline to reweigh the evidence, and find that the trial court did not abuse its discretion in awarding the parties joint legal custody, granting defendant primary physical custody, and granting plaintiff secondary custody and visitation of the parties' minor child. Therefore, we affirm the order of the trial court.

Affirmed.

Judges STROUD and McCULLOUGH concur.

Report per Rule 30(e).